# SEALED

Office of the United States Attorney
District of Nevada
Lloyd D. George Federal Courthouse
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
(702) 388-6336

GREGORY A. BROWER
United States Attorney
Nevada Bar No. 5232
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
Nevada State Bar No. 1925
Lloyd D. George United States Courthouse
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Facsimile: (702) 388-6787
E-mail: Daniel.Hollingsworth@usdoj.gov
Counsel for the United States of America

FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

2009 MAR 20 P 3: 35

CLERK US DISTRICT COURT
DISTRICT OF NEVADA

BY_____ DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) 2:09-cv-00539-JCM-GWF<br>) |
| $337,400.00 IN UNITED STATES CURRENCY, | )<br>)<br>) |
| Defendant. | ) |

## COMPLAINT FOR FORFEITURE IN REM

The United States of America ("United States"), by and through Gregory A. Brower, United States Attorney for the District of Nevada, and Daniel D. Hollingsworth, Assistant United States Attorney, in a civil cause for forfeiture, alleges as follows:

### SUBJECT MATTER JURISDICTION

1. This Court has jurisdiction under 19 U.S.C. §§ 1603, 1608, and 1610; Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Fed. R. Civ. P. Supp. Rule"); 18 U.S.C. § 981; 18 U.S.C. § 983; and 28 U.S.C. §§ 1345, 1355, and 1395.

. . .

## IN REM JURISDICTION

2. This Court will have in rem jurisdiction over the defendant property if this Court signs an Order for Summons and Warrant of Arrest in Rem for the Property and the Clerk of the Court issues a Summons and Warrant of Arrest in Rem for the Property, which will be executed upon the defendant property and returned to the Court.

## VENUE

3. This Court has venue of this matter pursuant to 28 U.S.C. §§ 1355 and 1395 because the above-named defendant is now and, during the pendency of this action, will be in the jurisdiction of this Court and because the defendant was found in this judicial district.

## PARTICULAR DESCRIPTION

4. The defendant is more particularly described as follows: $337,400.00 IN UNITED STATES CURRENCY.

## PLACE OF SEIZURE

5. On or about May 30, 2008, $337,400.00 in United States Currency ("defendant") was seized from the backseat of the white 2008 Lexus, LS460, California license plate 6CTV991, on East Sahara Avenue at Commercial Center in Las Vegas, Nevada, by duly authorized agents of the United States Department of Justice, Drug Enforcement Administration ("DEA"), Las Vegas, Nevada. $120,000.00 was seized from a grey "Elord" bag on the backseat of the vehicle; $210,000.00 was seized from a suitcase behind the driver's seat of the vehicle; and $7,400.00 was seized from a purse held by Jung Sun Lee Yoon ("Yoon").

## CUSTODY OF ASSET

6. The defendant has remained in the care, custody, and control of the United States Department of Justice, Las Vegas, Nevada, since June 16, 2008.

## TIMELY FILING

7. The defendant was subject to administrative summary forfeiture proceedings; however, Jong Mal Ha ("Ha") and Jung Sun Lee Yoon ("Yoon") filed a claim on or about July 30, 2008, which

missed the administrative deadline. Ha and Yoon requested a reconsideration explaining the reasons of the delay on September 5, 2008. DEA granted the reconsideration on September 17, 2008. The United States, Ha, and Yoon agreed to an extension of time to file the complaint for forfeiture in rem until March 20, 2009.

## VALUE

8. The defendant's value is US $337,400.00.

## FACTS

9. On Friday, May 30, 2008, at approximately 10:00 PM, Detectives Kirk Hooten and Keith Parenteau of the Las Vegas Metropolitan Police Department ("LVMPD") initiated a traffic stop on a white, 2008 Lexus LS460 sedan, bearing California license plate 6CTV991 for speeding while driving westbound on Sahara avenue from Commercial Center in Clark County, Las Vegas, Nevada.

10. The driver was Jong Mal Ha ("Ha"), with an address of 8101 West Flamingo Road, Las Vegas, Nevada, and Arizona driver license #605701281. Ha was stopped for speeding, driving 60 mph in a posted 45 mph zone. Ha stated the information on his driver's license was accurate.

11. Ha had houses in California and Las Vegas. When asked why he had an Arizona driver license if Ha was living in California and Nevada, Ha replied that he used to live in Arizona.

12. Ha had just finished eating at a restaurant. Ha's eyes were glossy. Ha stated he had not had any alcohol and only "Coke." Ha had drunk alcohol.

13. Jung Sun Lee Yoon, who was in the passenger seat of the car and is a long term associate of Ha, also had an address of 8101 West Flamingo Road, Las Vegas, Nevada.

14. Ha stated he had never been arrested before. Detective Parenteau and Detective Hooten returned back to the patrol vehicle to check the status of Ha's driver license and registration. Ha had a long list of felony arrests for Forgery/Fraud related charges.

15. Ha knowingly, freely, and voluntarily gave a verbal consent to a search of his vehicle. Ha also waved or motioned with his hands to go ahead and look. Detective Parenteau conducted a consent search of the interior of the vehicle. Upon searching the backseat Detective Parenteau located

a medium grey "Elord" brand bag. Upon opening this bag, Detective Parenteau immediately observed a large amount of United States currency. Detective Parenteau continued to search and located a suitcase behind the driver's seat. Inside this suitcase was another large amount of United States currency. Detective Parenteau stopped and returned back to where Ha was standing. Detective Parenteau asked him where Ha obtained the money.

16. Throughout the investigation, Ha gave conflicting answers concerning where and how Ha obtained the money. Ha stated he obtained the money by gambling. Ha stated he obtained the money from Ms. Kang, who had loaned it to him. Ha claimed he did not know Ms. Kang's phone number or address. Ha picked up the money the day before, May 29, 2008, at approximately 2:30 pm in Los Angeles, California. Ha also said half of the money was his and the other $160,000.00 was for someone else but could not produce a name of that individual. Ha could not produce any paperwork, names, phone numbers, or anything else that could corroborate where this money came from or where it was going.

17. Yoon produced an Arizona driver license. While retrieving her identification, agents and detectives could see in her purse a large sum of United States currency. Yoon stated she had approximately $6000.00 in her purse. Yoon removed the currency from her purse. The bills were all $100.00 dollar bills, and the majority of the bills were new and in sequential order.

18. On May 30, 2008, at approximately 11:00 pm, the United States currency was seized and transported to the LVMPD evidence vault to impound the money. The money was counted at the evidence vault. The money recovered from the grey "Elord" bag totaled $120,000.00. The money recovered from the suitcase totaled $210,000.00. The money recovered from Mrs. Yoon totaled $7,400.00. The currency break down was: 2,674 x $100=$267,400.00; 3,500 x $20=$70,000, totaling $337,400.00. The majority of the bills were new and in sequential order.

19. Ha drives to Los Angeles every week or two and picks up currency from a Won Jigi, or Korean money exchangers. These Won Jigis give Ha United States currency in exchange for individuals in Korea giving a Won Jigi in Korea the same equivalent in Won (Korean currency).

20. Ha delivers the currency to Asian gamblers in Las Vegas casinos where he receives a 3% to 10% commission for his unlicensed money transmitting business. Ha uses his Las Vegas residence to store the United States currency which he gives to Asian gamblers.

21. Ha admitted to transmitting money for a commission. Around March or April of 2008, Ha loaned money to around ten people on average of $100,000.00 each and received a commission of 3% for these loans. Asian high rollers would come to Las Vegas to gamble, and prior to arriving in town would deposit funds into his brother's bank account in Korea. Once these funds were deposited into his brother's account Ha would give the Asian gamblers United States currency here in Las Vegas. Ms. Kang would call Ha when he had in excess of $100,000.00 to $150,000.00 in the account. Ha would travel to Los Angeles to collect the money.

22. Ms. Kang is a Won Jigi with whom Ha works. Ha knows only a face and a phone number for Ms. Kang. The transactions are always in cash, and Ha and Ms. Kang have never met at a bank. Ha gives his money to these high rollers in town for a commission of 3% to 10%. When his funds are depleted, Ha returns to Los Angeles to replenish his funds and transport them back to Las Vegas. Ha travels to Los Angeles a few times a month, and Ms. Kang is paid by adding 10 "won" to every dollar transferred.

23. Ha uses a Won Jigi to avoid federal income taxes. The United States does not know how much income he makes on each transaction.

24. Ha does not work. Ha is not here legally and does not have legal status in the United States. Ha could be detained pending his alien status and possibly deported.

## FIRST CAUSE OF ACTION

25. The United States realleges, readopts, and reincorporates all the allegations contained in paragraphs 1 through 24 as though fully set forth herein.

26. The defendant currency was involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1960 and is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A).

## CONCLUSION

27. Because of the foregoing, the defendant is subject to seizure and to forfeiture and has become and is forfeited to the United States of America, plaintiff, under 18 U.S.C. § 981(a)(1)(A).

WHEREFORE, the United States of America, Plaintiff, prays as follows:

1. Due process issue to enforce the forfeiture of the defendant;
2. Due notice be given to any interested party to appear and to show cause why the forfeiture should not be decreed;
3. The defendant be condemned and be forfeited to the United States; and
4. This Court enter other and further relief as it deems just and proper.

DATED this 20th day of March, 2009.

Respectfully submitted,

GREGORY A. BROWER
United States Attorney

DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

**VERIFICATION**

I, Christian Mickelsen, Special Agent of the Internal Revenue Service - CI, am the Agent assigned to this case.

I have read the contents of the foregoing Complaint for Forfeiture In Rem, and I declare, verify, and certify under penalty of perjury that the foregoing is true and correct.

DATED: March 20, 2009

*[signature]*

Christian Mickelsen, Special Agent
Internal Revenue Service - CI