DANIEL G. BOGDEN
United States Attorney
Nevada State Bar No. 2137
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
Nevada State Bar No. 1925
Lloyd D. George United States Courthouse
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Facsimile: (702) 388-6787
Counsel for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) |
| v. | ) 2:09-CV-539-JCM-(GWF) |
| $337,400 IN UNITED STATES CURRENCY, | ) ) |
| Defendant. | ) ) |

DEFAULT JUDGMENT OF FORFEITURE

The United States filed an Amended Complaint for Forfeiture in Rem on May 23, 2013. Amended Complaint, ECF No. 7. The Amended Complaint (ECF 7) alleges the defendant property:

      a.    was involved in transactions or attempted transactions in violation of 18 U.S.C. § 1956(a)(1) or is property traceable to such property, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A);

. . .

. . .

b. was involved in transactions or attempted transactions in violation of 18 U.S.C. § 1956(a)(2) or is property traceable to such property, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A);

c. was involved in transactions or attempted transactions in violation of 18 U.S.C. § 1957 or is property traceable to such property, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A);

d. was involved in transactions or attempted transactions in violation of 18 U.S.C. § 1960 and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A);

e. constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 1343, a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B) or a conspiracy to commit such offense, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

f. constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 1956(a)(1), a specified unlawful activity as defined in 18 U.S.C. § 1957(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

g. constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 1956(a)(2), a specified unlawful activity as defined in 18 U.S.C. § 1957(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

h. constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 1957, a specified unlawful activity as defined in 18 U.S.C. § 1957(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

i. constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 2314, a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A)

      and 1961(1)(B) or a conspiracy to commit such offense, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

  j. constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 2315, a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B) or a conspiracy to commit such offense, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

  k. was involved in violations of 31 U.S.C. § 5313 or a conspiracy to commit such violations, or was property traceable to any such violation or conspiracy, and is subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2);

  l. was involved in violations of 31 U.S.C. § 5324 or a conspiracy to commit such violations, or was property traceable to any such violation or conspiracy, and is subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2); and

  m. was involved in violations of 31 U.S.C. § 5316 or a conspiracy to commit such violations, or was property traceable to any such violation or conspiracy, and is subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2).

  On May 28, 2013, the Court entered an Order for Summons and Warrant of Arrest in Rem for the Property and Notice and issued the Summons and Warrant of Arrest in Rem. Order for Summons and Warrant, ECF No. 10; Summons and Warrant, ECF No. 11.

  Pursuant to the Order (ECF No. 10), the Amended Complaint (ECF No. 7), the Order (ECF No. 10), the Summons and Warrant (ECF No. 11), and the Notice of Amended Complaint for Forfeiture (ECF No. 21, p. 25-26) were served on the defendant property and all persons claiming an interest in the defendant property. All persons interested in the defendant property were required to file their claims with the Clerk of the Court no later than 35 days after the notice of this action was sent by mail, followed by the filing of an answer to the Amended Complaint within 21 days after the filing of their respective claims. Amended Complaint, ECF No. 7; Order for Summons and Warrant, ECF No. 10; Summons and Warrant, ECF No. 11; Notice of Amended Complaint, ECF No. 21.

On June 20, 2013, the Department of Homeland Security served the Amended Complaint, the Order, the Summons and Warrant of Arrest in Rem for the Property, and the Notice by executing them on the defendant property. Notice of Filing Supplemental Service of Process, ECF No. 22.

On June 7, 2013, the Department of Homeland Security served the Amended Complaint, the Summons and Warrant of Arrest in Rem for the Property, the Order, and the Notice on Jong Mal Ha c/o Clark County Detention Center by personal service. Notice of Filing Service of Process, ECF No. 21 p. 2-26.

On June 7, 2013, the Department of Homeland Security served the Amended Complaint, the Summons and Warrant of Arrest in Rem for the Property, the Order, and the Notice on Myong Tak Han by personal service. Notice of Filing Service of Process, ECF No. 21 p. 27-51.

On June 11, 2013, the Department of Homeland Security served the Amended Complaint, the Summons and Warrant of Arrest in Rem for the Property, the Order, and the Notice on Byung Kil Lee by personal service. Notice of Filing Service of Process, ECF No. 21 p. 52-77.

On June 13, 2013, the Department of Homeland Security served the Amended Complaint, the Summons and Warrant of Arrest in Rem for the Property, the Order, and the Notice on Jung H. Lee by personal service. Notice of Filing Service of Process, ECF No. 21 p. 78-102.

On June 20, 2013, the Department of Homeland Security served the Amended Complaint, the Summons and Warrant of Arrest in Rem for the Property, the Order, and the Notice on Jung Sun Lee Yoon by regular mail and certified mail return receipt requested. Notice of Filing Service of Process, ECF No. 21 p. 103-132.

On June 20, 2013, the Department of Homeland Security served the Amended Complaint, the Summons and Warrant of Arrest in Rem for the Property, the Order, and the Notice on Sung Lim Lee by regular mail and certified mail return receipt requested. Notice of Filing Service of Process, ECF No. 21 p. 133-184.

. . .

. . .

Public notice of the forfeiture action and arrest was given to all persons and entities by publication on the official government website www.forfeiture.gov from May 31, 2013, through June 29, 2013. Notice of Filing Proof of Publication, ECF No. 16.

On July 12, 2013, Jong Mal Ha filed a claim. Notice of Claim, ECF No. 12.

On July 15, 2013, Byung Kil Lee filed a verified claim. Notice of Verified Claim, ECF No. 14.

On August 2, 2013, Jong Mal Ha filed an Answer to the Amended Complaint. Answer to Complaint in Forfeiture with Jury Demand, ECF No. 17.

On August 5, 2013, Byung Kil Lee filed an Answer to the Amended Complaint. Answer to Complaint in Forfeiture, ECF No. 18.

The claims and answers of Jong Mal Ha and Byung Kil Lee are still pending before this court.

On December 2, 2013, the Clerk of the Court entered a Default against the defendant property and all persons or entities who claim an interest in the defendant property in the above-entitled action Except Jong Mal Ha and Byung Kil Lee. Entry of Clerk's Default, ECF No. 24.

Claimants are not in the military service within the purview of the Servicemen's Civil Relief Act of 2003 because they are foreign nationals.

The allegations of the Amended Complaint are sustained by the evidence and are adopted as findings of fact.  The Court concludes as a matter of law that the United States is entitled to the relief requested in the Amended Complaint.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Default Judgment of Forfeiture be entered against the $337,400 in United States Currency, Myong Tak Han, Jung H. Lee, Jung Sun Lee Yoon, Sung Lim Lee, and all other persons or entities who may claim an interest in the defendant property in the above-entitled action except Jong Mal Ha and Byung Kil Lee.

. . .

. . .

1    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that said property be, and the same is hereby forfeited to the United States of America, and no right, title, or interest in the property shall exist in any other party Except Jong Mal Ha and Byung Kil Lee.

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure or arrest of the defendant property.

_____
UNITED STATES DISTRICT JUDGE

DATED: January 16, 2014