1  DANIEL G. BOGDEN
United States Attorney
2  Nevada State Bar No. 2137
DANIEL D. HOLLINGSWORTH
3  Assistant United States Attorney
Nevada State Bar No. 1925
4  Lloyd D. George United States Courthouse
333 Las Vegas Boulevard South, Suite 5000
5  Las Vegas, Nevada 89101
*Daniel.Hollingsworth@usdoj.gov*
6  Telephone: (702) 388-6336
Facsimile: (702) 388-6787
7  Counsel for Plaintiff

8

9

10

11             **UNITED STATES DISTRICT COURT**

12                **DISTRICT OF NEVADA**

13  UNITED STATES OF AMERICA,               )
                                            )
14                Plaintiff,                )
                                            )
15         v.                               )   2:09-CV-539-JCM-(GWF)
                                            )
16  $337,400.00 IN UNITED STATES            )
    CURRENCY,                               )
17                                          )
                  Defendant.                )
18

19  **DEFAULT JUDGMENT OF FORFEITURE AS TO MYONG TAK HAN, JUNG H. LEE, JUNG
20  SUN LEE YOON, SUNG LIM LEE, JONG MAL HA AKA YOUNG JAE HA, AND ALL
    PERSONS OR ENTITIES WHO MAY CLAIM AN INTEREST IN THE $337,400.00 IN UNITED
    STATES CURRENCY**
21                                   **AND**
    **FINAL JUDGMENT OF FORFEITURE AS TO $337,400.00 IN UNITED STATES CURRENCY
22                        AND BYUNG KIL LEE**

23  **I.  FACTS**

24        On Friday, May 30, 2008, at approximately 10:00 PM, Detectives Kirk Hooten and Keith

25  Parenteau of the Las Vegas Metropolitan Police Department ("LVMPD"), acting on information provided

26  by a confidential source, initiated a traffic stop on a white, 2008 Lexus LS460 sedan, bearing California

license plate 6CTV991, for speeding while driving westbound on Sahara Avenue from Commercial Center in Clark County, Las Vegas, Nevada. The passenger of the vehicle was identified as Jung Sun Lee Yoon, born August 3, 1964.

The driver of the vehicle was Jong Mal Ha, aka Young Jae Ha ("Ha"), who was stopped for speeding, driving 60 mph in a posted 45 mph zone. Ha's eyes were glossy. Ha stated he had not had any alcohol and only "Coke."  Ha had drunk alcohol.

Ha stated he had never been arrested before.  Detective Parenteau and Detective Hooten returned back to the patrol vehicle to check the status of Ha's driver license and registration. Ha had a long list of felony arrests for Forgery/Fraud related charges.

Ha knowingly, freely, and voluntarily consented to a search of his vehicle.  Ha also waved or motioned with his hands to go ahead and look. Detective Parenteau conducted a consent search of the interior of the vehicle. Upon searching the backseat Detective Parenteau located a medium grey "Elord" brand bag. Upon opening this bag, Detective Parenteau immediately observed a large amount of United States currency. Detective Parenteau continued to search and located a suitcase behind the driver's seat. Inside this suitcase was another large amount of United States currency. Detective Parenteau stopped and returned back to where Ha was standing. Detective Parenteau asked him where Ha obtained the money.

Ha initially told officers that the money was from his gambling activities.  Ha later said he had picked up the money in California from Ms. Kang, who loaned it to him, however, Ha was unable to provide a phone number or address for Ms. Kang.  Officers then asked Ha if the money was his and he replied that half was his and the other half was for someone else; however, Ha could not provide a name for this individual.  Ha then admitted to officers that he was not in the United States of America ("United States") legally.

Yoon produced an Arizona driver license. While retrieving her identification, agents and detectives could see in her purse a large sum of United States currency. Yoon stated she had approximately $6,000.00 in her purse. Yoon removed the currency from her purse. The bills were all $100.00 dollar bills, and the majority of the bills were new and in sequential order.

2

1    Throughout the investigation, Ha gave conflicting answers concerning where and how Ha obtained

2 the money. Ha first stated he obtained the money by gambling. Ha later stated he obtained the money from

3 Ms. Kang, who had loaned it to him. Ha claimed he did not know Ms. Kang's phone number or address.

4 Ha stated he picked up the money the day before, May 29, 2008, at approximately 2:30 pm in Los

5 Angeles, California. Ha said half of the money was his and the other $160,000.00 was for someone else,

6 but Ha could not produce a name of that individual. Ha could not produce any paperwork, names, phone

7 numbers, or anything else that could corroborate where this money came from or where it was going.

8    The United States currency was seized and transported to the LVMPD evidence vault because (a)

9 Ha was unable to produce any paperwork, names, or phone numbers related to the large sum of money he

10 had in his possession, (b) numerous inconsistencies existed in the stories Ha told the officers, and (c) Ha

11 was unable to corroborate where the money was coming from, or where it was going to. The money was

12 counted at the evidence vault. The money recovered from the grey "Elord" bag that sat in the back seat of

13 the vehicle totaled $120,000.00. The money recovered from the suitcase that sat behind the driver's seat of

14 the vehicle totaled $210,000.00. The money recovered from Mrs. Yoon's purse totaled $7,400.00. The

15 currency break down was: 2,674 x $100 = $267,400.00; 3,500 x $20 = $70,000, totaling $337,400.00. The

16 majority of the bills were new and in sequential order.

17    On June 4, 2008, Ha produced a letter from N.B. Mona International, Inc.  The letter stated that Ha

18 had entered into an agreement with N.B. Mona back in January 2008 to invest $330,000 for expansion of

19 N.B. Mona offices in the United States and manufacturing in China.  The letter stated that in May 2008,

20 the company and Ha agreed that the timing was not right for expansion and agreed to break the

21 partnership.  The letter stated that on May 29, 2008, N.B. Mona International Inc. returned the $330,000 to

22 Ha.  Ha claimed that the $330,000 seized from him on May 30, 2008, was the $330,000 investment that

23 had been returned to him by N.B. Mona.

24    On July 1, 2008, Jong Ha and Jung Sun Lee Yoon met with law enforcement with an English

25 translator.  At this time, Ha admitted the letter from N.B. Mona International was fraudulent and admitted

26 that it had been fabricated in an attempt to show a legal source of the funds.

1    Ha drove to Los Angeles, California a few times each month to pick up cash from Won Jigis, or

2  Korean money exchangers. The Won Jigis gave Ha United States currency in exchange for individuals in

3  Korea giving Won Jigis the same equivalent in Won (Korean currency).

4    Ha referred to Ms. Kang as a Won Jigi and stated he only knows her face and her phone number,

5  which he never produced.  Ha claimed to have no idea how Ms. Kang got the cash into the United States.

6  Ha said their transactions were always cash and were never done at a bank.  Ms. Kang was paid by adding

7  10 Korean Won to each dollar transferred.

8    Ha used Won Jigis to avoid federal income taxes. The United States does not know how much

9  income Ha made on each transaction.

10    Ha delivered cash to Asian high roller gamblers in Las Vegas casinos where he received a 3%

11  commission for his unlicensed money transmitting business.

12    Ha conducted an unlicensed money transmitting business for a commission.

13    In about March or April 2008, Ha loaned money to approximately ten people, on average of

14  $100,000, and received a 3% commission for these loans.  These Korean gamblers would deposit funds

15  into Ha's brother's account in Korea before they traveled to Las Vegas.  When the Korean gamblers

16  arrived in Las Vegas Ha would give them cash to gamble.  Ms. Kang called Ha when he had in excess of

17  $100,000 to $150,000 in the account, and Ha would drive out to Los Angeles to pick up the funds.

18    On August 10, 2009, at approximately 1600 hours, Sung Lim Lee, who was accompanied by his

19  brother-in-law, Min Suk Han, met with law enforcement.  Ha told Sung Lim Lee he had a license to lend

20  money to gamblers at the Venetian Hotel & Casino and Planet Hollywood Casino.  Ha claimed he could

21  give him a 10% return on his money if he invested it in his business.  Ha told Sung Lim Lee the money

22  would be deposited into the casino and would be lent out to gamblers, with whom he had connections.  Ha

23  allegedly promised to show Sung Lim Lee a financial statement each month with details on his

24  investment.

25  / / /

26  / / /

4

1    Ha introduced Sung Lim Lee to Venetian Casino Resort Host Sam Min, who allegedly told Ha that

2  if Sung Lim Lee invested "x" amount of dollars into the casino then Sung Lim Lee would get a percentage

3  of what the gamblers lost.  Sung Lim Lee felt this was a legitimate arrangement.

4    After this meeting Sung Lim Lee invited Byung Kil Lee in as a business partner, who also decided

5  to invest his money with Jong Mal Ha, aka Young Jae Ha.  Between May 2007 and December 2007,

6  Byung Kil Lee and Sung Lim Lee invested approximately $2,000,000 with Ha.  When Sung Lim Lee

7  attempted to recover his money from Ha, Ha showed him a business plan for a bacarrat room in the

8  Venetian, Macau.

9    Sung Lim Lee provided a bound document that reads "Vegas Casino Entertainment (VCE) Group

10  – Macau, Business Plan Period: 2008 – 2012." This document was translated into English which contained

11  the following language:

12    Business Philosophies/identity
   We have maintained profitable business based on business experience with the VIP Casino at the
13    Venetian and Palazzo Hotels in Las Vegas and our relationship with VIP clientele and the Top
   Management and other employees at LVSG (Las Vegas Sands Group).  With the business growth
14    of LVSG, we are now expanding to the business territory of VIP room operation with a foundation
   on the trust we have in best service.

15

16  Additionally it stated the following:

17    Key Advantages
   VCE's nuclear impact lies in the relationship it has with the nuclear members under the current
18    president, Sheldon G. Adelson, and in particular, it possesses a competitive advantage called a
   partner-type relationship with the trust built through the VIP Casino business, and thus the
19    exclusive operation of the VIP Rooms within Hotels on the Kotai Strip is made possible because of
   this.

20

21    Ha used Sam Min's name and his boss's name, Larry Chiu, to help perpetrate his fraudulent

22  schemes.  Ha defrauded many people of large sums of money.

23    Jong Mal Ha, aka Young Jae Ha, had no business relationship with the Venetian Hotel & Casino or

24  their parent corporation, Sands Las Vegas Corporation.  The Macau property is wholly owned by the Las

25  Vegas Sands Corporation.  A junket representative is paid by the Casino to bring in customers.  In order to

26  / / /

1   operate in one of the baccarat room in Macau, the junket representative would have to put up $7 to $10

2   million as front money.

3       Byung Kil Lee worked as a Marketing Team Manager at the InterNet Service Company Korea

4   located in Seoul, Korea.  Byung Kil Lee knew Ha through his business partner Sung Lim Lee.  Ha

5   promised Sung Lim Lee and Byung Kil Lee a seven (7) percent return every month if they invested money

6   in Ha's gambling business in Las Vegas.  Ha also promised Byung Kil Lee that Ha would pay back the

7   money at any time.  On July 4, 2007, Byung Kil Lee remitted $95,000 USD to Ha through four (4) Korean

8   bank accounts.  Jeong Seon Yoon (Jung Sun Yoon), Ha's wife, provided Byung Kil Lee with the bank

9   account information.  Ha advised Byung Kil Lee that the monies would be structured into smaller, less

10   suspicious, amounts below $10,000 USD and that the smaller amounts would then be sent through

11   multiple bank accounts from Korea to the U.S.

12       In September 2007, Byung Kil Lee visited Las Vegas with Sung Lim Lee and met Ha at the

13   Venetian Hotel.  At the meeting, Byung Kil Lee promised Ha he would invest $500,000 USD in Ha's

14   gambling business under the same condition as Ha promised to Sung Lim Lee.

15       On October 16, 2007, pursuant to Ha's instructions, Byung Kil Lee met a Korean lady known as

16   Bong Ran Han and gave her four hundred and seventy-seven million Korean won in cash and checks

17   (approximately $500,000 USD).

18       A couple days later Byung Kil Lee received a call from Ha requesting another $100,000.  On

19   October 26, 2007, Byung Kil Lee met with Jong Won Ha, an elder brother of Ha, and gave him ninety

20   million Korean won in cash (approximately $100,000 USD).

21       Between November 2007 and March 2008, Byung Kil Lee had five additional meetings in which

22   he gave an additional $1,050,000 in cash to individuals in Korea, who then made arrangements to send the

23   money to Ha in the United States.  When Byung Kil Lee spoke with Ha the last two times, Ha promised

24   that if he sent the additional monies, Ha would pay back his investment in full.

25   / / /

26   / / /

6

1    Byung Kil Lee never received any money back from his investment with Ha.  Jong Mal Ha, aka

2   Young Jae Ha, conspired with his brother, Jong Won Ha, to defraud Byung Kil Lee of approximately $1.8

3   million in United States Currency.

4    On January 17, 2008, LVMPD arrested Ha for one count of Non-Sufficient funds/Checks and

5   eleven counts of Theft.  On June 18, 2009, a warrant was issued for Ha's arrest.

6    Jong Mal Ha, aka Young Jae Ha, and Jung Sun Yoon did not have a license to conduct a Money

7   Service Business in the United States.

8    On October 22, 2007, seven Bank of America cashier's checks made payable to Jong Mal Ha, aka

9   Young Jae Ha, each in the amount of $50,000, were deposited into Wells Fargo account number

10   XXXXXX7108 held in the name of Jong Mal Ha, aka Young Jae Ha.

11    Between April 2007 and December 2008, Ha deposited over $1.4 million into Wells Fargo account

12   number XXXXXX7108.  Of this, approximately $178,000 consisted of 21 separate cash deposits as

13   follows:

14   | Date | Deposit Amount |
|------|----------------|
15   | 03/30/2007 | $10,000.00 |
| 04/23/2007 | $ 9,000.00 |
16   | 06/22/2007 | $30,000.00 |
| 07/12/2007 | $ 7,000.00 |
17   | 07/20/2007 | $ 6,000.00 |
| 07/26/2007 | $ 8,050.00 |
18   | 09/24/2007 | $ 9,500.00 |
| 09/28/2007 | $ 9,000.00 |
19   | 10/29/2007 | $ 9,000.00 |
| 11/21/2007 | $ 5,000.00 |
20   | 12/10/2007 | $ 5,000.00 |
| 01/07/2008 | $ 9,800.00 |
21   | 01/07/2008 | $ 9,000.00 |
| 01/14/2008 | $   130.00 |
22   | 01/22/2008 | $ 9,500.00 |
| 02/11/2008 | $ 9,500.00 |
23   | 09/11/2008 | $ 6,000.00 |
| 09/16/2008 | $ 6,000.00 |
24   | 12/02/2008 | $ 9,500.00 |
| 12/15/2008 | $ 5,000.00 |
25   | 12/17/2008 | $ 9,000.00 |

26   / / /

All but one of these deposits was for $10,000.00 or less, which was a clear attempt to avoid reporting requirements by structuring the money into the bank account.

On October 18, 2007, a withdrawal in the amount of $350,042.00 was made from Bank of America account number XXXXXXXX6876, held in the name of Sung Lim Lee. These funds were used to issue seven cashier's checks, each in the amount of $50,000.00, made payable to Jong Mal Ha, aka Young Jae Ha.

Ha does not work.  Ha was not legally present in the United States during this period of time, and there is no record that he ever applied for, or was granted, work authorization in the United States.

## II.  PROCEDURE

The United States filed a verified Amended Complaint for Forfeiture in Rem on May 23, 2013. Amended Complaint, ECF No. 7.  The Amended Complaint (ECF No. 7) alleges the defendant property:

a.   was involved in transactions or attempted transactions in violation of 18 U.S.C. § 1956(a)(1) or is property traceable to such property, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A);

b.   was involved in transactions or attempted transactions in violation of 18 U.S.C. § 1956(a)(2) or is property traceable to such property, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A);

c.   was involved in transactions or attempted transactions in violation of 18 U.S.C. § 1957 or is property traceable to such property, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A);

d.   was involved in transactions or attempted transactions in violation of 18 U.S.C. § 1960 and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A);

e.   constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 1343, a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B) or a conspiracy to commit such offense, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

f.    constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 1956(a)(1), a specified unlawful activity as defined in 18 U.S.C. § 1957(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

g.    constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 1956(a)(2), a specified unlawful activity as defined in 18 U.S.C. § 1957(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

h.    constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 1957, a specified unlawful activity as defined in 18 U.S.C. § 1957(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

i.    constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 2314, a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B) or a conspiracy to commit such offense, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

j.    constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 2315, a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B) or a conspiracy to commit such offense, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

k.    was involved in violations of 31 U.S.C. § 5313 or a conspiracy to commit such violations, or was property traceable to any such violation or conspiracy, and is subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2);

l.    was involved in violations of 31 U.S.C. § 5324 or a conspiracy to commit such violations, or was property traceable to any such violation or conspiracy, and is subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2); and

m.     was involved in violations of 31 U.S.C. § 5316 or a conspiracy to commit such

violations, or was property traceable to any such violation or conspiracy, and is

subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2).

On May 28, 2013, the Court entered an Order for Summons and Warrant of Arrest in Rem for the Property and Notice and issued the Summons and Warrant of Arrest in Rem. Order for Summons and Warrant, ECF No. 10; Summons and Warrant, ECF No. 11.

Pursuant to the Order (ECF No. 10), the Amended Complaint (ECF No. 7), the Order for Summons and Warrant of Arrest in Rem for the Property and Notice (ECF No. 10), the Summons and Warrant of Arrest in Rem for the Property (ECF No. 11), and the Notice of Amended Complaint for Forfeiture and Arrest (ECF No. 22, p. 3-4) were served on the defendant property and all persons claiming an interest in the defendant property.  Notice was published according to law.

Pursuant to Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Fed. R. Civ. P. Supp. Rule") G(5), all persons interested in the defendant property were required to: (1) file a verified claim, setting forth the person's or its interest in the property, that (a) identifies the specific interest in the property claimed, (b) identifies the claimant and states the claimant's interest in the property, and (c) is signed by the claimant under penalty of perjury pursuant to 28 U.S.C. § 1746; (2) file the verified claim with the Clerk of the above-entitled Court no later than 35 days after the notice is sent or, if direct notice was not sent, no later than 60 days after the first day of publication on the official internet government forfeiture site, www.forfeiture.gov; (3) file an answer to the Amended Complaint for Forfeiture in Rem or a motion under Rule 12 with the Clerk of the Court, Lloyd D. George United States Courthouse, 333 Las Vegas Boulevard South, Las Vegas, NV 89101, no later than 21 days after filing the verified claim; and (4) serve a copy of the verified claim and the answer at the time of each filing on Daniel D. Hollingsworth, Assistant United States Attorney, Lloyd D. George United States Courthouse, 333 Las Vegas Boulevard South, Suite 5000, Las Vegas, Nevada 89101. Amended Complaint, ECF No. 7; Order for Summons and Warrant, ECF No. 10; Summons and Warrant, ECF No. 11; Notice of Amended Complaint, ECF No. 22, p. 3-4.

Public notice of the forfeiture action and arrest was given to all persons and entities by publication via the official internet government forfeiture site, www.forfeiture.gov, from May 31, 2013, through June 29, 2013. Notice of Filing Proof of Publication, ECF No. 16.

On June 20, 2013, the Department of Homeland Security served the Amended Complaint, the Order, the Summons and Warrant of Arrest in Rem for the Property, and the Notice by executing them on the defendant property. Notice of Filing Supplemental Service of Process, ECF No. 22.

On June 7, 2013, the Department of Homeland Security served the Amended Complaint, the Summons and Warrant of Arrest in Rem for the Property, the Order, and the Notice on Jong Mal Ha, aka Young Jae Ha, at the Clark County Detention Center by personal service. Notice of Filing Service of Process, ECF No. 21, p. 2-26.

On June 7, 2013, the Department of Homeland Security served the Amended Complaint, the Summons and Warrant of Arrest in Rem for the Property, the Order, and the Notice on Myong Tak Han by personal service. Notice of Filing Service of Process, ECF No. 21, p. 27-51.

On June 11, 2013, the Department of Homeland Security served the Amended Complaint, the Summons and Warrant of Arrest in Rem for the Property, the Order, and the Notice on Byung Kil Lee by personal service. Notice of Filing Service of Process, ECF No. 21, p. 52-77.

On June 13, 2013, the Department of Homeland Security served the Amended Complaint, the Summons and Warrant of Arrest in Rem for the Property, the Order, and the Notice on Jung H. Lee by personal service. Notice of Filing Service of Process, ECF No. 21, p. 78-102.

On June 20, 2013, the Department of Homeland Security served the Amended Complaint, the Summons and Warrant of Arrest in Rem for the Property, the Order, and the Notice on Jung Sun Lee Yoon by regular mail and certified mail return receipt requested. Notice of Filing Service of Process, ECF No. 21, p. 103-132.

On June 20, 2013, the Department of Homeland Security served the Amended Complaint, the Summons and Warrant of Arrest in Rem for the Property, the Order, and the Notice on Sung Lim Lee by

/ / /

regular mail and certified mail return receipt requested. Notice of Filing Service of Process, ECF No. 21, p. 133-184.

On July 12, 2013, Jong Mal Ha, aka Young Jae Ha, filed a claim. Verified Claim, ECF No. 12.

On July 15, 2013, Byung Kil Lee filed a verified claim. Notice of Verified Claim, ECF No. 14.

On August 2, 2013, Jong Mal Ha, aka Young Jae Ha, filed an Answer to the Amended Complaint. Answer to Amended Complaint for Forfeiture with Jury Demand, ECF No. 17.

On August 5, 2013, Byung Kil Lee filed an Answer to the Amended Complaint. Answer to Amended Complaint for Forfeiture, ECF No. 18.

On November 27, 2013, the United States filed a Motion for Entry of Clerk's Default against the $337,400 in United States Currency, Myong Tak Han, Jung H. Lee, Jung Sun Lee Yoon, Sung Lim Lee, and all other persons or entities who claim an interest in the defendant property in the above-entitled action except Jong Mal Ha and Byung Kil Lee (ECF No. 23).

On December 2, 2013, the clerk entered the Clerk's Default against the $337,400 in United States Currency, Myong Tak Han, Jung H. Lee, Jung Sun Lee Yoon, Sung Lim Lee, and all other persons or entities having an interest in the defendant property except Jong Mal Ha and Byung Kil Lee (ECF No. 24).

On December 2, 2013, the United States filed a Motion for Default Judgment against the $337,400 in United States Currency, Myong Tak Han, Jung H. Lee, Jung Sun Lee Yoon, Sung Lim Lee, and all other persons or entities who may claim an interest in the defendant property in the above-entitled action except Jong Mal Ha and Byung Kil Lee (ECF No. 25).

On January 17, 2014, the court entered the Default Judgment of Forfeiture against the $337,400 in United States Currency, Myong Tak Han, Jung H. Lee, Jung Sun Lee Yoon, Sung Lim Lee, and all other persons or entities who may claim an interest in the defendant property in the above-entitled action except Jong Mal Ha and Byung Kil Lee (ECF No. 26).

On March 28, 2014, James Kwon, attorney for Jong Mal Ha, aka Young Jae Ha, filed a Motion to withdraw stating, among other reasons, that Jong Mal Ha, aka Young Jae Ha, "has decided to relinquish his claims in this matter." Motion to Withdraw, ECF No. 28, p. 3.

On September 23, 2014, the United States filed a Settlement Agreement for Entry of Judgment of Forfeiture as to Byung Kil Lee and Order.  Claimant waived, among other things, service of process. Settlement Agreement, ECF No. 31.

On October 2, 2014, the Court entered the Order granting the Settlement Agreement for Entry of Judgment of Forfeiture as to Claimant, and Order. Order Granting Settlement Agreement, ECF No. 32.

On October 3, 2014, the United States filed a Motion for Entry of Clerk's Default against Jong Mal Ha, aka Young Jae Ha, in the above-entitled action. Motion for Entry of Clerk's Default, ECF No. 33.

On December 4, 2014, the Court entered an Order denying the Motion for Entry of Clerk's Default (ECF No. 38).

On January 26, 2015, the United States filed a Settlement Agreement Withdrawing Claim and Forfeiting the $337,400 in United States Currency as to Jong Mal Ha also known as Young Jae Ha and Order (ECF No. 40).

On January 29, 2015, the Court entered the Order granting the Settlement Agreement Withdrawing Claim and Forfeiting the $337,400 in United States Currency as to Jong Mal Ha also known as Young Jae Ha (ECF No. 41).

On January 30, 2015, the United States filed a Motion for Entry of Clerk's Default as to Jong Mal Ha also known as Young Jae Ha (ECF No. 42).

On February 2, 2015, the Clerk of the Court entered a Default against Jong Mal Ha also known as Young Jae Ha in the above-entitled action. Entry of Clerk's Default, ECF No. 43.

No other person or entity has filed a claim, answer, or responsive pleading within the time permitted by 18 U.S.C. § 983(a)(4) and Fed. R. Civ. P. Supp. Rule G(4) and (5).

Jong Mal Ha, aka Young Jae Ha, is not in the military service within the purview of the Servicemembers Civil Relief Act. Exhibit 1.

Jong Mal Ha, aka Young Jae Ha, is neither a minor nor an incompetent person.

The United States now seeks entry of a default judgment against the interest of Jong Mal Ha, aka Young Jae Ha, in the above-entitled action and entry of a final judgment of forfeiture against the

13

$337,400.00 in United States Currency and Byung Kil Lee, vesting in the United States all right, title, and interest in the $337,400.00 in United States Currency subject to Byung Kil Lee's Settlement Agreement.

**III.  JUDGMENT**

Pursuant to Fed. R. Civ. P. 54(c) and 55(b), the judgment by default does not "differ in kind from, or exceed [the] amount" of relief listed in the amended complaint for forfeiture.

**IV.  DEFAULT AND ENTRY OF DEFAULT**

On December 2, 2013, the clerk entered a default as to $337,400 in United States Currency, Myong Tak Han, Jung H. Lee, Jung Sun Lee Yoon, Sung Lim Lee, and all persons or entities who claim an interest in the $337,400.00 in United States Currency in the above-entitled action except Jong Mal Ha and Byung Kil Lee (ECF No. 24).

On January 16, 2014, the Court entered a Default Judgment in favor of the United States against the $337,400 in United States Currency, Myong Tak Han, Jung H. Lee, Jung Sun Lee Yoon, Sung Lim Lee, and all persons or entities who claim an interest in the $337,400.00 in United States Currency in the above-entitled action except Jong Mal Ha and Byung Kil Lee (ECF No. 26).

As shown above, the United States has requested entry of Clerk's Default against Jong Mal Ha, aka Young Jae Ha (ECF No. 42).  The Clerk entered the Default as requested (ECF No. 43).

**V.  NOTICE**

Pursuant to Fed. R. Civ. P. Supp. Rule G(4)(a)(iv)(C), the United States published notice via the official internet government forfeiture site, www.forfeiture.gov, for thirty consecutive days. See above. Pursuant to Fed. R. Civ. P. Supp. Rule G(4)(b), the United States served the Amended Complaint, the Order for Summons and Warrant of Arrest in Rem for the Property and Notice, the Summons and Warrant of Arrest in Rem for the Property, and the Notice of Amended Complaint for Forfeiture and Arrest on all known potential claimants. See above.

**VI.  LEGAL SUFFICIENCY OF THE COMPLAINT**

The Amended Complaint filed in this action was verified.  The Court has subject matter jurisdiction, in rem jurisdiction over the $337,400.00 in United States Currency, and venue.  The

14

1   Amended Complaint described the property with reasonable particularity.  The Amended Complaint states

2   where the seizure of the $337,400.00 in United States Currency occurred and its current location.  The

3   Amended Complaint identifies the statutes under which the forfeiture action is brought.  The Amended

4   Complaint alleges sufficiently detailed facts to support a reasonable belief that the United States will be

5   able to meet its burden proof at trial. See facts above. Amended Complaint, ECF No. 7. Fed. R. Civ. P.

6   Supp. Rule G(2).

7        The allegations of the Complaint are sustained by the evidence and are adopted as findings of fact.

8   The Court concludes as a matter of law that the United States is entitled to the relief requested in the

9   Complaint.

10  **VII.  POTENTIAL CLAIMANTS**

11       Byung Kil Lee has entered into a Settlement Agreement with the United States.  Jong Mal Ha, aka

12  Young Jae Ha, notified his attorney that he withdrew his claim and answer. Jong Mal Ha, aka Young Jae

13  Ha, has also entered into a Settlement Agreement which withdrew his claim and Answer to the Amended

14  Complaint. No other person has filed a claim and the time to file a claim has passed.

15       Based on the foregoing this Court finds that the United States has shown its entitlement to a

16  Default Judgment of Forfeiture as to Myong Tak Han, Jung H. Lee, Jung Sun Lee Yoon, Sung Lim Lee,

17  Jong Mal Ha aka Young Jae Ha, and all persons or entities who may claim an interest in the $337,400.00

18  in United States Currency, and Final Judgment of Forfeiture as to $337,400.00 in United States Currency

19  and Byung Kil Lee.

20       NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Default

21  Judgment of Forfeiture is entered Myong Tak Han, Jung H. Lee, Jung Sun Lee Yoon, Sung Lim Lee, Jong

22  Mal Ha aka Young Jae Ha, and all persons or entities who may claim an interest in the $337,400.00 in

23  United States Currency in the above-entitled action.

24       IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Final Judgment of Forfeiture is

25  entered against the $337,400.00 in United States Currency and Byung Kil Lee.

26  / / /

1    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the $337,400.00 in United

2 States Currency be, and the same is hereby forfeited to the United States of America, and no right, title, or

3 interest in the property shall exist in any other party, other than Byung Kil Lee, whose rights and liabilities

4 are adjudged below.

5    IT IS FURTHER ORDERED, ADJUDED AND DECREED, that, the property having been

6 forfeited, within a practicable time hereafter for the United States, the United States must release to Byung

7 Kil Lee, through Frank M. Flansburg III, one payment of $134,960.00 in United States Currency, less any

8 debt owed the United States, any agency of the United States, or any debt in which the United States is

9 authorized to collect.

10    IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause

11 for the seizure or arrest of the defendant property.

12

13

14 _____
UNITED STATES DISTRICT JUDGE

15

16 DATED:____February 5, 2015_____

17

18

19

20

21

22

23

24

25

26

16